J. Robert Forshey
State Bar No. 07264200
Matthew G. Maben
State Bar No. 24037008
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
bforshey@forsheyprostok.com
mmaben@forsheyprostok.com

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| AMSCO STEEL COMPANY, L.L.C., | ) | Case No. 15-43239-rfn11 |
| PYNDUS STEEL & ALUMINUM CO., INC., | ) | Case No. 15-43240-dml11 |
| | ) | (Motion for Joint Administration Pending) |
| Debtors. | ) | **Emergency Hearing Requested** |

## DEBTORS' MOTION FOR AN INTERIM AND FINAL ORDER (A) AUTHORIZING USE OF CASH COLLATERAL AND (B) GRANTING RELATED RELIEF

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COME NOW AMSCO Steel Company, L.L.C. ("AMSCO") and Pyndus Steel & Aluminum

Co., Inc. ("Pyndus" and, together with AMSCO, the "Debtors"), as debtors in possession, and

file this Motion for an Interim and Final Order (A) Authorizing Use of Cash Collateral and (B)

Granting Related Relief (the "Motion"), and respectfully represent as follows:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

sections 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. section 157(b).  Venue

is proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

## II. BACKGROUND AND EVENTS LEADING TO BANKRUPTCY

2.      On August 10, 2015 (the "Petition Date"), the Debtors commenced with this Court

voluntary cases under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate

their businesses and manage their property as debtors in possession. The Debtors have filed a joint motion [Docket No. 4] seeking joint administration of their bankruptcy cases.

3.      AMSCO was formed in 1952 and is located in Fort Worth, Texas. Pyndus is a wholly owned subsidiary of AMSCO and operates out of a facility in San Antonio, Texas. The Debtors are suppliers and processors of steel products for a wide variety of customers throughout the United States and Mexico. The industries served by the Debtors include energy, industrial, HVAC, commercial and residential construction, original equipment manufacturers, precision sheet metal, metal stamping, distributors and warehousing. The products offered by the Debtors to their customers include the following varieties of steel: hot-rolled, cold-rolled, pickled and oiled, galvanized, galvannealed, galvalume and electro-galvanized. The Debtors possess the capability to decoil, slit, cut to length, edge condition, and shear and brake steel to customized specifications for its customers.

4.      As a result of the economic downturn, beginning in 2009 the Debtors began experiencing liquidity issues. The Debtors were able to stabilize operations, but continued to experience liquidity issues. The Debtors defaulted on certain obligations allegedly owing to their lender Marquette Business Credit SPE I, L.L.C. ("Marquette"). A forbearance agreement between the Debtors and Marquette was previously entered into, but has terminated and not been extended.

5.      The Debtors diligently attempted to locate strategic and/or financial lending sources and/or buyers for their businesses in order to solve the liquidity problems. Although the Debtors engaged Headwaters MB pre-petition as financial advisors to assist in these efforts, which efforts continue today, the Debtors ultimately determined that they are unable to meet their liquidity needs to continue operating indefinitely. The Debtors therefore concluded that commencement of these cases and operation of the businesses as debtors-in-possession under the protection of the Bankruptcy Code is in the best interests of the Debtors, their creditors and other stakeholders.

6.      No creditors' committee has been appointed in these cases by the United States Trustee. Further, no trustee or examiner has been requested or appointed in these chapter 11 cases.

### III.  THE DEBTORS' LENDER

7.      As of the Petition Date, the Debtors were indebted to Marquette pursuant to a loan made by Marquette to the Debtors. Such loan is allegedly evidenced by, *inter alia*, (a) that certain Line of Credit Promissory Note dated December 3, 2013 in the original principal amount of $6,000,000.00 (the "Note"), and (b) that certain Loan and Security Agreement dated as of December 5, 2013 by and among AMSCO, Pyndus and Posey Steel Supply, L.L.C. Industries, Ltd., as borrowers, and Marquette, as lender (the "Loan Agreement"). The Note and Loan Agreement, together with all related documents and agreements by and between the Debtors as borrowers and Marquette as lender are hereafter referred to as the "Loan Documents." Counsel for the Debtors previously made requests to counsel for Marquette for fully executed copies of all Loan Documents. One such request was made during the spring of 2015 and another was made on August 5, 2015. Marquette has not produced fully executed copies of any of the Loan Documents in response to such requests, and the Debtors are unaware at this time whether or not some or all of the Loan Documents were, in fact, ever executed. As of the Petition Date, the outstanding aggregate principal amount allegedly owed on the Note was approximately $775,000. The original maturity date of the loan was December 5, 2016, but was accelerated to July 27, 2015 under a forbearance agreement.

8.      Under the Loan Documents, the Debtors allegedly granted to Marquette a security interest in and lien on all assets of the Debtors, including accounts and inventory, and all products and proceeds thereof (collectively, the "Collateral"). As of the Petition Date, Marquette asserts a perfected lien on the Collateral to secure payment of the Note, as reflected by those certain UCC Financing Statements recorded by Marquette with the Texas Secretary of State on November 22, 2013 as Filing Numbers 13-0036942513 and 13-0036942755.

Marquette asserts that all cash and cash equivalents, deposit accounts or any other cash equivalents in any form that are now or hereinafter in the Debtors' possession, custody or control, including without limitation the proceeds, products, offspring, rents or profits of the Collateral, constitute cash collateral of Marquette within the meaning of section 363 of the Bankruptcy Code (hereinafter, the "Cash Collateral").[1]

9.    The majority of payments made by the Debtors' customers are deposited into a lock box account controlled by Marquette (the "Lock Box Account"). On information and belief, at the request of Marquette, some customers of the Debtors are making payments directly to a separate account established and controlled by Marquette. In the past, Marquette would advance funds from collections and deposit such funds into the Debtors' operating account at Texas Capital Bank (the "Operating Account"). The Debtors are advised that Marquette will not voluntarily advance any additional funds to the Debtors from the Lock Box Account collections or otherwise.

## IV. REQUESTED RELIEF

10.    By this Motion, the Debtors seek authority to use cash, including the Cash Collateral, and to grant adequate protection to Marquette pursuant to sections 105, 361, 363, 506 and 552 of the Bankruptcy Code. The Debtors propose to use Cash Collateral for the expenditures outlined in the proposed budget for the use of cash for the interim period (the "Cash Budget") attached hereto as **Exhibit "A"**. The Cash Budget encompasses expenditures necessary to maintain the operations of both Debtors. Unless otherwise agreed by Marquette, or permitted by further order of the Court, such expenditures shall not exceed the expenditures shown on the Cash Budget by more than ten percent (10%) on any line item basis, or ten percent (10%) of the total monthly expenditures. All cash received by the Debtors in excess of

---

[1] Nothing contained herein shall constitute an admission by the Debtors regarding the amount or validity of any debt allegedly owed to Marquette, or the validity, enforceability or perfection of any security interest in or lien on any assets of the Debtors asserted by Marquette.

the expenditures authorized ("Excess Cash") shall be retained by the Debtors in a debtor-in-possession account[2] and the Debtors shall not spend any Excess Cash without either the advance consent of Marquette or order from this Court authorizing such use; provided, however, that the Debtors shall be permitted to use Excess Cash to make required payments to the United States Trustee for quarterly fees owing to the United States Trustee during the pendency of these cases.

11.    The Debtors move the Court to authorize them to use Cash Collateral both on an interim and final basis.  The Debtors request an emergency hearing for the approval of the use of such Cash Collateral on an interim basis pending a final hearing on this Motion pursuant to Fed. R. Bankr. P. 4001(b).

12.    The Debtors further request that Marquette be ordered to (a) immediately make available to the Debtors all existing funds constituting customer payments or other revenue from the Debtors' operations under the control of Marquette, whether held in the Lock Box Account, any other account under the control of Marquette, or wherever else held by Marquette and (b) make available to the Debtors all funds received in the future constituting customer payments or other revenue from the Debtors' operations, immediately upon receipt of the same, whether received in the Lock Box Account, any other account under the control of Marquette, or wherever else received and placed under the control of Marquette.

13.    The Debtors further request that Marquette be ordered to produce to the undersigned counsel for the Debtors fully executed copies of any and all Loan Documents by no later than seven (7) days after the date of entry of any order on this Motion.

14.    The Debtors further request authority to grant adequate protection to Marquette in connection with the Debtors' use of Cash Collateral.  Such adequate protection will be

---

[2] Texas Capital Bank is listed on the U.S. Trustee's list of approved depositories for debtor-in-possession accounts. The Debtors anticipate converting the Operating Account to a debtor-in-possession account or, alternatively, opening a new debtor-in-possession account at Texas Capital Bank.

provided to Marquette by means of the following:

        a.     To the extent of any diminution of the value of Marquette's collateral resulting from the Debtors' use of the same, Marquette shall be granted replacement liens on property acquired by the Debtors post-petition which is of the same nature, kind and character as Marquette's alleged pre-petition collateral, with such replacement liens having the same priority, validity, force and effect as the liens they replace, provided, however, that such replacement liens shall not be granted on any causes of action or recoveries under Chapter 5 of the Bankruptcy Code;

        b.     Beginning with a payment on September 1, 2015, the Debtors shall make an adequate protection payment to Marquette each month by no later than the first business day of the month.  Each such payment shall be in an amount equal to the monthly interest payment that, absent the acceleration of the indebtedness, would be due on the allegedly unpaid balance of the Note under the Loan Documents, calculated at the non-default contract rate of interest set forth in the Loan Documents; and

        c.     The Debtors shall maintain insurance on Marquette's pre-petition and post-petition collateral.

      15.     With respect to any payments under the Cash Budget or future cash collateral budget to Forshey & Prostok, LLP ("F&P"), the Debtors' proposed bankruptcy counsel, such payments will be held in trust by F&P in its IOLTA account.  F&P will not apply such payments to professional fees and expenses except upon further order of the Court approving appropriate interim or final fee applications.

## V.  ARGUMENT AND AUTHORITIES

      16.     It is essential to the continued operation of the Debtors' businesses that the Debtors obtain authority to use cash to fund operating needs, including rent, utility, payroll and inventory costs.  The Debtors cannot continue to operate if they are not allowed to use cash in the course of their day-to-day operations.

17.   Section 363(c)(2) of the Bankruptcy Code sets forth the requirements for a debtor's use of cash collateral. Specifically, section 363(c)(2) provides, in pertinent part:

> The trustee [or debtor-in-possession] may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless–
> (A) each entity that has an interest in such cash collateral consents; or
> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).

18.   Section 363(a) of the Bankruptcy Code defines "cash collateral" as:

> [C]ash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property . . . subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

11 U.S.C. § 363(a).

19.   Additionally, section 363(e) of the Bankruptcy Code provides that "on request of an entity that has an interest in property . . . proposed to be used, sold, or leased, by the trustee [or debtor-in-possession], the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Examples of adequate protection are provided in section 361 of the Bankruptcy Code and include, but are not limited to the following: (a) lump sum or periodic cash payments to the extent that such use of property will result in a decrease in value of such entity's interest in the property; (b) provisions for an additional or replacement lien to the extent that the use of the property will cause a decrease in the value of such entity's interest in the property; and (c) such other relief as will result in the realization by the entity of the indubitable equivalent of such entity's interest in the property. 11 U.S.C. § 361.

20.   The relief requested herein is also appropriate under section 105(a) of the Bankruptcy Code, which provides that "[t]he court may issue any order, process, or judgment

that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

21.     Adequate protection under the Bankruptcy Code is designed to protect the secured lender from diminution in the value of its interest in the collateral as a result of the debtor's proposed use or disposition of such collateral. The legislative history of section 361 of the Bankruptcy Code makes clear that bankruptcy courts are given broad flexibility in deciding what constitutes adequate protection on a case-by-case basis. Specifically, the legislative history provides:

> This section specifies the means by which adequate protection may be provided. It does not require the court to provide it. To do so would place the court in an administrative role. Instead, the trustee or debtor-in-possession will provide or propose a protection method. If the party that is affected by the proposed action objects, the court will determine whether the protection provided is adequate. The purpose of this section is to illustrate means by which it may be provided and to define the contours of the concept.

H.R. Rep. No. 95-595, at 338, 95th Cong., 1st Sess. (1977); *see also Resolution Trust Corp. v. Swedeland Dev. Group, Inc. (In re Swedeland Dev. Group, Inc.)*, 16 F.3d 552, 564 (3d Cir. 1994) ("[A] determination of whether there is adequate protection is made on a case by case basis.").

22.     Nevertheless, the "Court is not obligated to protect the creditor better than it did itself when making the loan and obtaining security." *In re Heatron, Inc.*, 6 B.R. 493, 496 (Bankr. W.D. Mo. 1980). The interest to be protected by virtue of the adequate protection requirement is the lesser of the value of the debt or the value of assets securing the debt. *See In re Triplett*, 87 B.R. 25, 27 (Bankr. W.D.Tex. 1988) ("[U]nder the concept of adequate protection -- only the preservation of the value of the lien is required.") (citing *In re Alyucan Interstate Corp.*, 12 B.R. 803, 808 (Bankr. D. Utah 1981)); *see also* 11 U.S.C. § 506.

**A.** **Marquette is Adequately Protected by the Debtors' Continued Operation of Their Businesses**

23. Courts have held that adequate protection may be demonstrated when the going concern value of the debtor is preserved by the debtor's continuing operations and use of cash collateral. *See, e.g., Bray v. Shenandoah Fed. Loan Sav. & Loan Ass'n (In re Snowshoe Co.)*, 789 F.2d 1085, 1087-89 (4th Cir. 1986) (finding that ski resort would lose 50% to 90% of its fair market value if it ceased operations); *In re Wrecclesham Grange, Inc.*, 221 B.R. 978, 980-81 (Bankr. M.D. Fla. 1997) (stating that one fact that the debtor can show to establish adequate protection is that a good prospect for a reorganization exists); *In re Constable Plaza Assocs., L.P.*, 125 B.R. 98, 105 (Bankr. S.D.N.Y. 1991) (debtor entitled to use cash collateral to operate and maintain office building, thereby protecting secured lender's collateral and existing equity cushion); *accord Mendoz v. Temple-inland Mortgage Corp. (In re Mendoza)*, 111 F.3d 1264, 1272 n. 3 (5th Cir. 1997) ("While the amount of equity in the property is the primary factor that courts look to in an adequate protection analysis, other factors include the following: the value of the collateral . . . and the prospects for successful reorganization of the debtor's affairs."). In the instant case, Marquette is adequately protected by virtue of the Debtors' continued operation of their businesses and expenditure of cash to maintain the businesses. In a liquidation scenario, the value of Marquette's collateral will be negatively impacted. Accordingly, expenditures of cash collateral to preserve and maintain the Debtors' businesses as going concerns provide additional adequate protection. *See, e.g., In re 499 W. Warren St. Assocs., Ltd. P'ship*, 142 B.R. 53, 56-57 (Bankr. N.D.N.Y. 1992) (finding secured creditor's interest in collateral adequately protected when cash collateral applied to normal operating and maintenance expenditures on collateral property); *In re Willowood East Apartments of Indianapolis II, Ltd.*, 114 B.R. 138, 143 (Bankr. S.D. Ohio 1990) (finding secured creditor's interest in assigned rents extended only to net rents after payment of ordinary, necessary expenses required to maintain and operate the property to preserve its value).

24.     Without the ability to use cash, the Debtors will be forced to liquidate their assets and lose the opportunity to preserve value for Marquette, and other creditors and stakeholders. If the Debtors are precluded from maintaining their businesses, or if the Debtors are forced to effect a fire-sale liquidation of their assets, no creditor will benefit. *See, e.g., In re Aqua Assocs.*, 123 B.R. 192, 196 (Bankr. E.D. Pa. 1991) ("The important question, in determination of whether the protection to a creditor's secured interest is adequate, is whether that interest, whatever it is, is being unjustifiably jeopardized.") (citations omitted); *accord In re Triplett*, 87 B.R. at 27 ("[R]estriction of the use of cash collateral should only occur where the facts show that failure to restrict use may 'impair' the creditor and deny the creditor adequate protection.").

**B.      Marquette is Adequately Protected by the Grant of Replacement Liens**

25.     The Debtors anticipate generating positive cash flow from operations. Thus, new cash and cash-generating assets, including accounts receivable, should become available for replacement liens at a greater rate than cash, including Cash Collateral, is spent. *See, e.g., In re Cafeteria Operators, L.P.*, 299 B.R. 400, 410 (Bankr. N.D. Tex. 2003) (authorizing the use of bank's cash collateral but granting bank "a replacement lien on the inventory purchased post-petition" but if "inventory levels decrease" such that bank's collateral is actually being utilized then bank would be "granted a replacement lien in any other assets of Debtor, at the highest available priority" as needed to restore and maintain the bank's secured position in inventory as of the petition date); *In re O'Connor*, 808 F.2d at 1398 (affirming bankruptcy court's determination that there was adequate protection where creditors were offered replacement liens on well proceeds and on other unencumbered regular monthly income); *In re Wrecclesham Grange*, 221 B.R. at 981 (noting that a replacement lien of equal value on post-petition rents is adequate protection); *In re Stein*, 19 B.R. 458, 459 (Bankr. E.D. Pa. 1982) (continued lien on debtors' crops, livestock and equipment resulted in an increase rather than a decrease in collateral, and debtors were granted authority to use cash collateral to meet operating expenses during chapter 11 proceedings). Therefore, adequate protection to

Marquette can be provided and maintained through a grant of post-petition replacement liens and security interests to the extent of any diminution in value of Marquette's Collateral.

**C. Monthly Payments and Maintenance of Insurance Will Provide Additional Adequate Protection to Marquette**

26. Section 361(a) of the Bankruptcy Code expressly provides that monthly payments to a secured party may serve as adequate protection for that party's interest in collateral to be used by a debtor. The monthly adequate protection payments to be made by the Debtors to Marquette will provide additional adequate protection in this case by preventing or minimizing any post-petition increase in the amount of the indebtedness owed by the Debtors to Marquette. Likewise, by maintaining insurance on Marquette's collateral in accordance with the terms of the Loan Documents, Marquette's interest in its collateral will be adequately protected against potential casualty loss.

**D. Marquette is Further Adequately Protected by an Equity Cushion**

27. The debt allegedly owed to Marquette as of the Petition Date was approximately $775,000. Marquette asserts a lien against all assets of the Debtors, including liens having first priority on the Debtors' inventory and accounts receivable. The combined value of the Debtors' inventory and accounts receivable as of the Petition Date was approximately $2 million. This equity cushion, coupled with adequate protection payments and replacement liens, unquestionably leave Marquette adequately protected if the Debtors are authorized to use Cash Collateral.

## VI. THE NEED FOR IMMEDIATE RELIEF PENDING A FINAL HEARING

28. Pursuant to Bankruptcy Rule 4001(b), a final hearing on a motion to use cash collateral may not be commenced earlier than 14 days after service of such motion. The Court, however, is authorized to conduct an emergency hearing prior to the expiration of such 14-day period and to authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtor's estate.

29.     Pursuant to Bankruptcy Rule 4001(b), the Debtors request that the Court (a) schedule an emergency, interim hearing and final hearing (the "Final Hearing") to consider approval of the Debtors' use of Cash Collateral and all other relief requested herein and (b) authorize the Debtors' use of Cash Collateral to pay for and fund all costs and expenses incurred in the ordinary course of their businesses and in connection with or related to the administration of these chapter 11 cases in accordance with the Cash Budget, and grant the additional relief requested herein, pending the Final Hearing and the determination of this Motion. If the Debtors are unable to obtain the immediate use of cash, they risk immediate and irreparable harm to the value of their businesses and bankruptcy estates.

## VII.  NOTICE

30.     Notice of this Motion has been provided to (a) the office of the United States Trustee for the Northern District of Texas; (b) Marquette; (c) the holders of the twenty (20) largest unsecured claims against both of the Debtors; and (d) certain other creditors, counsel and/or parties-in-interest; all as set forth in the below Certificate of Service.  The Debtors submit that no further notice need be provided.

## PRAYER

WHEREFORE, the Debtors respectfully request the Court grant the above Motion and grant all such other and further relief as is just and proper.

Dated: August 10, 2015.                          Respectfully submitted,

                                                 /s/  J. Robert Forshey
                                                 J. Robert Forshey
                                                 State Bar No. 07264200
                                                 Matthew G. Maben
                                                 State Bar No. 24037008
                                                 FORSHEY & PROSTOK LLP
                                                 777 Main St., Suite 1290
                                                 Ft. Worth, TX 76102
                                                 Telephone: (817) 877-8855
                                                 Facsimile: (817) 877-4151
                                                 bforshey@forsheyprostok.com
                                                 mmaben@forsheyprostok.com

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was served upon the parties listed on the attached service list via ECF electronic Notice, if available, on August 10, 2015 or via United States Mail, first class postage prepaid on August 11, 2015.  I further certify that a true and correct copy of the foregoing document was additionally served via email upon the parties listed below at the email addresses indicated below on August 10, 2015:

Marquette Business Credit SPE I, LLC
c/o Lynnette R. Warman
Culhane Meadows PLLC
100 Crescent Court, Suite 700
Dallas, TX 75201
lwarman@culhanemeadows.com

United States Trustee
Attn: Elizabeth Ziegler, Trial Attorney
Attn: Meredyth Kippes, Trial Attorney
1100 Commerce Street, Room 976
Dallas, TX 75242
elizabeth.ziegler@usdoj.gov
meredyth.a.kippes@usdoj.gov

/s/ J. Robert Forshey
J. Robert Forshey

L:\BFORSHEY\AMSCO - Pyndus Steel (WO) #5762\Pleadings\Motion to Use Cash Collateral 08.06.15.doc

**Service List**
**AMSCO Steel/Pyndus Steel**
**#5762**

AMSCO Steel Company, LLC
Attn:  Stephen S. Sikes
3430 McCart Street
Fort Worth, TX 76110

Pyndus Steel & Aluminum Co., Inc.
Attn:  Stephen S. Sikes
2707 Castroville Road
San Antonio, TX 78237

United States Trustee
Attn: Elizabeth Ziegler, Trial Attorney
Attn:  Meredyth Kippes, Trial Attorney
1100 Commerce Street, Room 976
Dallas, TX 75242

Idealease Services, Inc.
430 N Rand Rd.
Barrington, IL 60010

Southwest Idealease
3722 Irving Blvd.
Dallas, TX 75247

Aaron Smith
167 Deer Creek Dr.
Aledo, TX 76008

ACS Hydraulics
1101 Stanley Dr.
Euless, TX 76040

ADT Security Services
PO Box 371878
Pittsburgh, PA 15250

Advance Steel Co.
16250 Northland Dr., #325
Southfield, MI 48075

Aflac
1932 Wynnton Rd.
Columbus, GA 31999-0001

Ahmsa International Inc.
5150 N. Loop 1604 W
San Antonio, TX 78249

Alamo Iron Works, Inc.
PO Box 231
San Antonio, TX 78291-0231

Allied Electronics Inc.
Accounts Receivable Dept.
7151 Jack Newell Blvd. S.
Fort Worth, TX 76118

AM/NS Calvert LLC
PO Box 538304
Atlanta, GA 30353

American Drive Train Repair
PO Box 161427
Fort Worth, TX 76161

American Express
PO Box 650448
Dallas, TX 75265

Ameritas Life Insurance Corp.
PO Box 81889
Lincoln, NE 68501

Andeler Corporation
PO Box 204365
Dallas, TX 75320

Angelo Feed & Supply Mill
Palmer Feed & Supply
316 Martin Luther King Blvd.
San Angelo, TX 76903

Aramark
PO Box 731676
Dallas, TX 75373

ASKO, Inc.
PO Box 951628
Cleveland, OH 44193

AT&T
PO Box 5001
Carol Stream, IL 60197

AT&T
PO Box 5001
North Suburban, IL 60197

AT&T
PO Box 5017
Carol Stream, IL 60197

AT&T
PO Box 5017
North Suburban, IL 60197

AT&T
PO Box 5019
Carol Stream, IL 60197

AT&T
PO Box 5019
North Suburban, IL 60197

AT&T
PO Box 105068
Atlanta, GA 30348

AT&T
PO Box 105414
Atlanta, GA 30348

AT&T Mobility
PO Box 6463
Carol Stream, IL 60197

AT&T Mobility
PO Box 6463
North Suburban, IL 60197

AT&T Mobility
PO Box 537104
Atlanta, GA 30353

Atmos Energy Corporation
PO Box 841425
Dallas, TX 75284-1425

Batteries Plus #154
5825 Camp Bowie Blvd.
Fort Worth, TX 76107

Bear Transportation Services
PO Box 671020
Dallas, TX 75267

Bearing Chain & Supply Inc.
3244 Gardenbrook Dr.
Farmers Branch, TX 75234

Bekker Electric, Inc.
PO Box 11021
Fort Worth, TX 76110

BNSF Railway Company
75 Remittance Dr.
Chicago, IL 60675

Bobby Dodd
2509 Earl Lane
Fort Worth, TX 76107

Bourland Wall & Wenzel P.C.
301 Commerce St.
Fort Worth, TX 76102

Briar Capital, L.P. as Agent
1500 City West, Suite 420
Houston, TX 77042

Business Automation Inc.
1544 W. Yale Ave.
Orange, CA 92867-3446

California Steel Industries
PO Box 840096
Los Angeles, CA 90084-0096

Capital Research and Management Co.
American Funds: Finance & Acct.
3500 Wiseman Blvd.
San Antonio, TX 78251

Cargill Steel & Wire
PO Box 841674
Dallas, TX 75284-1674

CCE Inc.
10741 Tube Dr.
Hurst, TX 76053

Chemsearch
PO Box 971269
Dallas, TX 75397

Cher A. Bumps Inc.
2601 N.W. Expressway
Oklahoma City, OK 73112

City of Fort Worth
1000 Throckmorton St.
Fort Worth, TX 76102

Cockrell Printing Company
PO Box 1568
Fort Worth, TX 76101

Cody Redden
901 Big Valley Circle
Lipan, TX 76462

Coilplus, Inc.
6250 North River Rd., Suite 3030
Rosemont, IL 60018

Concord Supply Inc.
9594 S. Presa
San Antonio, TX 78223-5030

Conner Industries, Inc.
PO Box 200298
Dallas, TX 75320-0298

Conseco Life Insurance Co.
PO Box 223326
Pittsburgh, PA 15251

Continuum Retail Energy Services
PO Box 873112
Kansas City, MO 64187

Coutinho & Ferrostaal Inc.
24324 Network Place
Chicago, IL 60673-1324

Cressaty Metals, Inc.
PO Box 158837
Nashville, TN 37215

Debbie Dodson
4957 Avila Ave.
Carlsbad, CA 92008

Delaware Steel Company of Pennsylvania
535-102 Pennsylvania Ave.
Fort Washington, PA 19034-3408

DirectTV
PO Box 60036
Los Angeles, CA 90060

Dismuke & Waters, P.C.
2000 East Lamar Blvd.
Arlington, TX 76006

Donnie Rabenaldt
14303 Modesta Place
San Antonio, TX 78247

Duferco Steel, Inc.
Lockbox 730013
Dallas, TX 75266

EECU
PO Box 1777
Fort Worth, TX 76101

Emergency Ice
8700 Diplomacy Row
Dallas, TX 75247

Enprotech Industrial Technologies
16608 Collections Center Dr.
Chicago, IL 60693

Equipment Depot
1400 S Loop 12
Irving, TX 75060

FedEx
PO Box 660481
Dallas, TX 75266

First Insurance Funding Co.
PO Box 7000
North Suburban, IL 60197

Fort Worth Water Department
PO Box 870
Fort Worth, TX 76101

Fort Worth Water Department
PO Box 961003
Fort Worth, TX 76161-0003

Franklin Electric Supply
605 East Berry #115
Fort Worth, TX 76110

Hammons Garage
3453 McCart St.
Fort Worth, TX 76110

Haynes and Boone LLP
Bank of America
100 W. 33rd St.
New York, NY 10001

Headwaters BD, LLC
PO Box 911606
Denver, CO 80291

Health Care Service Corporation
PO Box 731428
Dallas, TX 75373

Horwood Ranch Company, Inc.
PO Box 724
Sterling City, TX 76951

Hudson Energy
Dept. 2037
PO Box 122037
Dallas, TX 75312-2037

Hudson Energy
PO Box 731137
Dallas, TX 75373

Humberto Sandoval
1029 E Powell Ave.
Fort Worth, TX 76104

Hurst Fire Equipment
1604 Meadowcrest Lane
Mansfield, TX 76063

Integrity Control Services
PO Box 732291
Dallas, TX 75373

Inwest Retirement Solutions
3300 North A St.
Midland, TX 79705

J. P. Bowlin Co., Inc.
PO Box 123500
Fort Worth, TX 76121-3500

Jan-Pro
3001 Gateway Dr.
Irving, TX 75063

Jesse P. Taylor Oil Co.
3701 N. Sylvania
Fort Worth, TX 76137

Kane Steel & Iron, LLC
PO Box 381985
Birmingham, AL 35238-1985

Kinder Morgan TX Terminals
Dept. 3017
PO Box 201607
Dallas, TX 75320-1607

Lone Star Machine Works, Inc.
1608 Bruce Way
Seagoville, TX 75159

Luiz Toledo, MD
4255 Bryant Irvin Rd.
Fort Worth, TX 76109

Macsteel Service Centers USA, Inc.
888 San Clemente Dr., Suite 250
Newport Beach, CA 92660

Majestic Steel USA, Inc.
NW 6118
PO Box 1450
Minneapolis, MN 55485-6118

Manuel Baca
4537 Merida Ave.
Fort Worth, TX 76115

Mark M. Jones
One Ridgmar Centre
Fort Worth, TX 76116

Marquette Business Credit SPE I, LLC
Attn: Portfolio Manager
5910 N. Central Expressway, Suite 1900
Dallas, TX 75206

Marquette Business Credit SPE I, LLC
c/o Lynnette R. Warman
Culhane Meadows PLLC
100 Crescent Court, Suite 700
Dallas, TX 75201

Marubeni-Itochu Steel America
Lock Box #4592
Collections Center Dr.
Chicago, IL 60693

Matheson Tri-Gas
PO Box 845502
Dallas, TX 75284-5502

Meridian Bank Texas
100 Lexington St., Suite 100
Fort Worth, TX 76102

Metallia U.S.A. LLC
2200 Fletcher Ave.
Fort Lee, NJ 07024

Metro Business Products
2694 Gravel Dr.
Fort Worth, TX 76118

Metroplex Filter Services
PO Box 185487
Fort Worth, TX 76181

Minmetals, Inc.
1200 Harbor Blvd., Floor 8
Weehawken, NJ 07086

Motion Industries, Inc.
PO Box 849737
Dallas, TX 75284-9737

M.S. Air Inc.
PO Box 48203
Watauga, TX 76148

MSCI Texas Chapter
Attn: Jennifer Childress
320 Highland Springs Lane
Georgetown, TX 78633

National Bolt & Industrial Supply
391 N. Beach St.
Fort Worth, TX 76111-7019

Nordic Company
4390 Gibsonia Rd.
Gibsonia, PA 15044-5325

Norton Metals, Inc.
1350 Lawson Rd.
Fort Worth, TX 76131

OMI Crane Services
PO Box 1719
Rockwall, TX 75087

Ozarka Direct
PO Box 856680
Louisville, KY 40285

Pitney Bowes Global Finance
PO Box 371887
Pittsburgh, PA 15250

Precision Metalforming Association
6363 Oak Tree Blvd.
Independence, OH 44131

Priefert Mfg. Co., Inc.
PO Box 1540
Mt. Pleasant, TX 76113

Prime Pest Management
3333 Earhart Dr.
Carrollton, TX 7506

Professional Insurance Company
PO Box 406263
Atlanta, GA 30384

Progressive Waste Solutions of Texas
PO Box 650470
Dallas, TX 75265

Propane Bottle Service
5216 Jacksboro Highway
Fort Worth, TX 76114

Providence Supply
718 Lemons Gap Rd.
Tuscola, TX 79562

Radiology Associates of North
PO Box 99337
Fort Worth, TX 76199

Rail Link International
209 W. 2nd St.
Box 282
Fort Worth, TX 76102

Rusco Packaging, Inc.
PO Box 226685
Dallas, TX 75222-6685

S&P Steel Products, Inc.
1503 North Post Oak Rd.
Houston, TX 77055

Samuel, Son & Co., Inc.
24784 Network Place
Chicago, IL 60673

SPS Family Partnership, Ltd.
3908 Westcliff Rd. South
Fort Worth, TX 76109

Staples Credit Plan
Dept. 11-0001922178
PO Box 183174
Columbus, OH 43218

Steel & Pipe Supply Co., Inc.
PO Box 731266
Dallas, TX 75373

Steelscape
Dept. LA
Lockbox 24150
Pasadena, CA 91185

Stripco Inc.
PO Box 248
Osceola, IN 46561

Stuart Hose
701 Riverside Dr.
Fort Worth, TX 76111

Sumitomo Corporation
91021 Collections Center Dr.
Chicago, IL 60693

S.W. Industrial Services, Inc.
2413 Whitmore
Fort Worth, TX 76107

S.W. Technical Services, Inc.
3209 Hidden Cove Dr.
Plano, TX 75075

TCU Florist
3131 university Dr.
Fort Worth, TX 76109

Telesys
6840 Boulevard 26
Fort Worth, TX 76180

Ternium International USA Corp.
PO Box 3039
Carol Stream, IL 60132-3039

Texas Medicine Resources
PO Box 8549
Fort Worth, TX 76124

The Whitney Smith Company, Inc.
301 Commerce St., Suite 1950
Fort Worth, TX 76102-3708

ThyssenKrupp Steel USA, LLC
1 ThyssenKrupp Dr.
Calvert, AL 36513

Tindall Record Storage
630 N. Freeway, Suite 300
Fort Worth, TX 76102

Tom Baloga
3928 vista Greens Dr.
Fort Worth, TX 76244

Toyota Tsusho America, Inc.
Attn: W502108
PO Box 7777
Philadelphia, PA 19175

Triple-S Steel Supply Co.
PO Box 201375
Houston, TX 77216-1375

TX Building and Roofing, Inc.
3413 Highway 281 North
Marble Falls, TX 78654

Uline
2200 S. Lakeside Dr.
Waukegan, IL 60085

USS-Posco Industries
PO Box 742362
Los Angeles, CA 90074

UTI Transport Solutions Inc.
PO Box 403526
Atlanta, GA 30384

WATCO Transloading, LLC
Dept. 1392
Denver, CO 80256

Wells Fargo Bank N.A., as Agent
111 West Ocean Blvd., Suite 300
Long Beach, CA 90802

Wesley Seals & Supply Co.
236 W. Bedford Euless Rd.
Hurst, TX 76053-4043

Willbanks Metals Inc.
1155 NE 28th St.
Fort Worth, TX 76106

Worldwide Express
PO Box 757
Bedford, TX 76095

W.W. Grainger, Inc.
Dept. 802324723
PO Box 419267
Kansas City, MO 64141

Penske Truck Leasing Co.
PO Box 802577
Chicago, IL 60680-2577

Santex International Truck
PO Box 20007
San Antonio, TX 78220

ABC Supply Co., Inc.
One ABC Parkway
Beloit, WI 53511

Ace Industries, Inc.
6925 McDonough Dr.
Norcross, GA 30093

Airgas USA, LLC
PO Box 676015
Dallas, TX 75267

Alamo City Truck Service
PO Box 200970
San Antonio, TX 78220

Alamo Xtreme A/C & Heating LLC
118 Clover Creek
San Antonio, TX 78245

AMSCO Steel Transportation
3430 McCart St.
Fort Worth, TX 76110

Arnold Oil Equipment Co. of SA
PO Box 18089
Austin, TX 78760

ASG Security
PO Box 601686
Charlotte, NC 28260

Berger Bldg. Prod-Berger Bros.
Dept. 3479
PO Box 2153
Birmingham, AL 35287

Berridge Manufacturing Co.
PO Box 301287
Dallas, TX 75303

Chamberlin-Austin Ltd.
1515 Dungan Land #210
Austin, TX 78754

Chem Link Products LLC
3901 Solutions Center
Chicago, IL 60677

Cintas Corporation
PO Box 88005
Chicago, IL 60680

Cintas First Aid & Safety
Cintas Fax Lockbox 636525
Cincinnati, OH 45263

Cobb Time Equipment
1412 Devin Dr.
New Braunfels, TX 78130

CPS Energy
PO Box 2678
San Antonio, TX 78289

De Lage Landen
PO Box 41602
Philadelphia, PA 19101

Delta – T
PO Box 808
Adkins, TX 78101

Diamond Knife & Shear Com
10942 WYE #207
San Antonio, TX 78217

Dot Metal Products
PO Box 712529
Cincinnati, OH 45271

Equipment Depot
PO Box 209004
Dallas, TX 75320-9004

Ferrellgas
PO Box 173940
Denver, CO 80217

Fiesta Bolt Company Inc.
PO Box 830625
San Antonio, TX 78283

Grabber Construction
1136 Industrial Dr. SW
Conover, NC 28613

Guardian
PO Box 824404
Philadelphia, PA 19182

Home Depot
Dept. 32-2006135341
PO Box 183175
Columbus, OH 43218

Indeco Products Inc.
PO Box 865
San Marcos, TX 78667

Inter Wrap Corp.
PO Box 280
Sumas, WA 98295

Irma Z. Ramirez
822 Rivas
San Antonio, TX 78207

ITW Brands
PO Box 75479
Chicago, IL 60675

Kenwood Painted Metals Inc.
20200 Governors Dr., Suite 202
Olympia Fields, IL 60461

Lone Star Fire & First Aid
449 Culebra Rd.
San Antonio, TX 78201

McElroy Metal Inc.
PO Box 1148
Shreveport, LA 71163

Metropolitan Telecommunications
PO Box 9660
Manchester, NH 03108

MFM Building Products Corp.
PO Box 340
Coshocton, OH 43812

Occupational Health Centers
PO Box 9005
Addison, TX 75001

Office Depot
Dept. 56-4202050372
PO Box 689020
Des Moines, IA 50368

O'Reilly Automotive Inc.
PO Box 9464
Springfield, MO 65801

OTP Industrial Solutions
PO Box 73278
Cleveland, OH 44193

Pack-Mark Inc.
1375 E Bitters Rd.
San Antonio, TX 78216

Pack-Mark Shipping Supplies
1375 E Bitters Rd.
San Antonio, TX 78216

Pitney Bowes Credit Corp.
PO Box 371887
Pittsburgh, PA 15250-7887

Red Wing Shoe Store
7105 San Pedro
San Antonio, TX 78216

RH Tamlyn & Sons LP
13623 Pike Rd.
Stafford, TX 77477

San Antonio Water System
PO Box 2990
San Antonio, TX 78229

Sealtite Building Fastener
PO Box 4515
Tyler, TX 75712

Specialty Rolled Metals
6377 Windfern
Houston, TX 77040

Springboard Enterprises LLC
14519 Lindale Rose Lane
Humble, TX 77396

Staples Business Advantage
Dept. DAL
PO Box 83689
Chicago, IL 60696

Stuart's Sheet Metal Inc.
9623 Beck Circle
Austin, TX 78758

Swisher Hygiene Franchise Trust
PO Box 473526
Charlotte, NC 28247

Time Warner Cable
Business Services
PO Box 60074
City of Industry, CA 91716

Triple-S Steel Supply Company
PO Box 21119
Houston, TX 77226

Tyco Integrated Security LLC
PO Box 371967
Pittsburgh, PA 15250

Unimet Metal Supply Inc.
PO Box 823200
Philadelphia, PA 19182

Uresti Electric
5330 Fair Ridge Dr.
San Antonio, TX 78228


Vestal Manufacturing
PO Box 420
Sweetwater, TN 37874

Victory White Metal Co.
6100 Roland Ave.
Cleveland, OH 44127

W R Grace & Company
PO Box 96160
Chicago, IL 60693


Westel
PO Box 203130
Austin, TX 78720

Western States Fire Protection Co.
13122 Lockout Way
San Antonio, TX 78233

White Star Steel, Inc.
PO Box 15518
Houston, TX 77220


Woody Butts
3451 Dalworth St.
Arlington, TX 76011

# EXHIBIT "A"

| (In Thousands) | Week Ending 14-Aug | Week Ending 21-Aug | Week Ending 28-Aug | Week Ending 4-Sep |
|---|---|---|---|---|
| **BEGINNING CASH BALANCE** | $ 25.0 | $ 27.0 | $ 4.0 | $ 9.5 |
| | | | | |
| A/R Receipt | $ 150.0 | $ 150.0 | $ 200.0 | $ 225.0 |
| *Additional Equity Investment* | $ - | $ - | $ - | $ - |
| Other Receipts | $ - | $ - | $ - | $ - |
| Total Receipts | $ 150.0 | $ 150.0 | $ 200.0 | $ 225.0 |
| **Disbursments** | | | | |
| **Payroll Related** | | | | |
| Payroll | $ 66.0 | $ 15.5 | $ 66.0 | $ 15.5 |
| Taxes | $ 3.5 | $ 3.5 | $ 3.5 | $ 3.5 |
| Insurance | $ 15.0 | $ - | $ - | $ 15.0 |
| Total Payroll Related | $ 84.5 | $ 19.0 | $ 69.5 | $ 34.0 |
| **Operating Expenses** | | | | |
| G&A Cost | $ 8.0 | $ 8.0 | $ 8.0 | $ 8.0 |
| Utilities | $ - | $ 28.0 | $ - | $ - |
| Plant Supplies | $ 5.0 | $ 5.0 | $ 5.0 | $ 5.0 |
| Freight | $ 12.0 | $ 12.0 | $ 12.0 | $ 12.0 |
| Total Operating Expenses | $ 25.0 | $ 53.0 | $ 25.0 | $ 25.0 |
| **Fixed Expenses** | | | | |
| Rent | $ - | $ - | $ - | $ 59.0 |
| Equip Lease | $ - | $ - | $ - | $ - |
| P/C Insur | $ - | $ 11.0 | $ - | $ - |
| Prof Fees | $ - | $ - | | |
| Legal | $ - | $ 15.0 | | $ 15.0 |
| Other Operating expenses | $ 16.0 | $ - | $ - | $ - |
| Interest | $ 22.5 | $ - | $ - | $ 20.0 |
| Returned Items | $ - | $ - | $ - | $ - |
| Total Fixed Expenses | $ 38.5 | $ 26.0 | $ - | $ 94.0 |
| **Past Due AP** | $ - | $ - | $ - | $ - |
| **Cash Out for Inv Purchase** | $ - | $ 75.0 | $ 100.0 | $ 75.0 |
| | $ - | $ - | $ - | $ - |
| **Total** | $ - | $ 75.0 | $ 100.0 | $ 75.0 |
| **TOTAL DISBURSEMENTS** | $ 148.0 | $ 173.0 | $ 194.5 | $ 228.0 |
| **ENDING CASH BALANCE** | $ 27.0 | $ 4.0 | $ 9.5 | $ 6.5 |